Filed 9/16/24  In re M.T. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re M.T., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E082705 |
| Plaintiff and Respondent, | (Super.Ct.No. J297391) |
| v. | OPINION |
| J.T., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Neale B. Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, and Landon Villavaso, Deputy County Counsel, for Plaintiff and Respondent.

1

In this appeal from the juvenile court's jurisdiction and disposition findings and orders, J.T. (father) contends the San Bernardino County Children and Family Services (the department) failed to comply with its duty of initial inquiry imposed by state statutory provisions implementing the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA). We affirm. (See *In re Dominick D.* (2022) 82 Cal.App.5th 560, 563, 567.)[1]

## BACKGROUND

This dependency action concerns father's daughter M.T. (born 2006). In June 2023 the department filed a dependency petition under Welfare and Institutions Code[2] section 300 alleging father failed to protect M.T. from mother's abuse, that father sexually abused M.T., and that father left her without provision for support.

The court held a contested jurisdiction/disposition hearing in October 2023. The court found jurisdiction over M.T., removed her from both parents, ordered reunification services for mother, and bypassed reunification services for father under section 361.5, subdivision (b)(6). It also found that "the child may come under the provisions of the Indian Child Welfare Act." (All caps omitted.)

Father appealed the dispositional order.

---

[1] "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

[2] All unlabeled statutory references are to the Welfare and Institutions Code.

ANALYSIS

Father argues the department and the juvenile court did not comply with their duty of further inquiry under ICWA. Specifically, father argues the department failed to either formally or informally contact relevant tribes based on information provided by M.T.'s family. The department argues there is no erroneous order to be corrected because the juvenile court found ICWA may apply. We agree with the department and affirm.

Under California law, the juvenile court and county child welfare department have "an affirmative and continuing duty to inquire" whether a child subject to a section 300 petition may be an Indian child. (§ 224.2, subd. (a); see *In re D.F.* (2020) 55 Cal.App.5th 558, 566 (*D.F.*).) "This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*D.F.*, at p. 566.) When the initial inquiry gives the juvenile court or social worker "reason to believe that an Indian child is involved" (§ 224.2, subd. (e)), the court and social worker must conduct further inquiry to "determine whether there is reason to know a child is an Indian child." (§ 224.2, subd. (e)(2).) The department "does not discharge their duty of further inquiry until they make a 'meaningful effort' to locate and interview extended family members and to contact [the Bureau of Indian Affairs] and the tribes." (*In re K.T.* (2022) 76 Cal.App.5th 732, 744.)

However, regardless of whether the department has or has not yet satisfied its duty of inquiry, there is no error for us to correct in this case. The court found that "the child may come under the provisions of the Indian Child Welfare Act." (All caps omitted.)

3

Given the information available to the court and to the department, this order is not erroneous. In fact it is exactly the correct finding under the circumstances. More importantly, it leaves the inquiry process ongoing. Indeed, because the court held the inquiry open, it is entirely possible that in the time between father's appeal and this decision the department may have already cured the alleged defects in its inquiry. This is part of the reason why we generally do not consider ICWA inquiry issues until the court has terminated parental rights, because "[s]o long as proceedings are ongoing and all parties recognize the *continuing* duty of ICWA inquiry, both the Agency and the juvenile court have an adequate opportunity to fulfill those statutory duties." (*In re S.H.* (2022) 82 Cal.App.5th 166, 179 (*S.H.*).)

Nor is remand with instructions to complete the ICWA inquiry necessary, regardless of the merits of father's arguments that the department has not yet completed its duty of further inquiry. (See *S.H.*, *supra*, 82 Cal.App.5th at pp. 176-178.) This dependency matter will not end with this appeal. The juvenile court has found the children may be Indian children, which requires the department to continue its inquiry into ICWA matters. "So long as proceedings are ongoing and all parties recognize the *continuing* duty of ICWA inquiry, both the Agency and the juvenile court have an adequate opportunity to fulfill those statutory duties." (*S.H.*, at p. 179.) Here, that appears to be the case.

DISPOSITION

We affirm the juvenile court's dispositional order.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:


McKINSTER
Acting P. J.

MENETREZ
J.

5